Our final case of the day is Lopatina v. United States. Has that come close to pronouncing that one right? Lopatina. Lopatina. We'll be pleased to hear from you, sir. Good morning. May it please the Court. Jeff Sandberg for the United States. The Federal Tort Claims Act... The government's taking this appeal. That is right. The Federal Tort Claims Act mandates, as a general rule, that a plaintiff bringing a tort lawsuit may not recover any sum in excess of the amount of the administrative claim that had previously been presented to the federal agency. There is one exception to that rule, and to satisfy that exception, a plaintiff bears the burden of making two showings. First, that there is some new evidence or facts that are now available and that were not reasonably discoverable at the time of presenting the administrative claim to the agency. Second, the plaintiff must also show that she incurred an increased amount of damages based upon that new evidence. Or, in other words, the plaintiff must demonstrate that the new circumstance being invoked actually made her worse off than she was before. The District Court committed legal error in this case by failing to apply the latter of those two requirements. Here's what happened. With respect to the first of the two requirements, the District Court made a factual finding that in July 2009, there was a revision in the diagnosis of plaintiff's shoulder condition. Instead of a labral tear, it was actually a subacromial impingement. It was worse? No. It was not worse? It was different. It was not what the surgeon thought it was. The court also found that that diagnosis could not have reasonably been discovered earlier. Now, we don't take issue with that factual finding for the purposes of this appeal. And that was found when? Sorry? When was that found? The change in the shoulder condition? Was July 2009, which was after the administrative claim had already been presented. The discovery of the shoulder problem. Because in October, he gave the test he thought was a labrum, and he couldn't really tell what it was until he went in arthroscopically. Well, the shoulder problem was there from just a few days after the accident. The plaintiff went to a nighttime care clinic, I think two days after the accident, complaining of pain in her shoulder. She was referred to an orthopedic surgeon. She underwent treatment in the summer of 2007, discontinued treatment for a year, then went back to a surgeon. So it was a chronic condition. And until they had done the diagnostic surgery and actually gone in, they didn't know with precision which particular part of the rotator cuff it was that was giving her a problem. Now, Kendall, I understand from your brief and what you've said here today, you're tracking the language of the statute in terms of requiring that there be the new evidence, and the new evidence be the causal connection to any additional damages. That's right, Your Honor. But as I've looked at the record, and my review may be faulty and incomplete, it appears to me that the government's position to the district court was that the plaintiff doesn't get any amount over and above what was in the administrative claim because they never amended the administrative claim. So what my question is, is this. Where did you argue in the district court to the district court judge that the plaintiff did not fulfill the requirements of the statute, which you've gone over this morning, as opposed to simply not amending the administrative claim? Sure. Well, to clarify, there is no requirement that a plaintiff amend an administrative claim. She is entitled to do so, and it became clear during the course of the administrative proceeding that she was going to have- Did you take that position in the district court? Sorry? Did you take that position in the district court? There was some confusion in the district court about what the supplemental letter that was sent to the Postal Service actually represented. But we didn't need to take any position on that question in the district court because our position was plaintiff cannot show any evidence that would entitle her to new damages. And the dispute crystallized in the district court on whether or not the shoulder diagnosis was foreseeable or not. We lost on that issue. We accept that factual finding. But the fact remains, the district court, in concluding that- in finding that the diagnosis was new information that could not be reasonably foreseen, the district court said, okay, the cap no longer applies, and I'm going to go with whatever damages award I can work out. And that simply is not- That's my question. Did you say to the district court before or after that, well, that's erroneous, that's not what the statute permits, as opposed to simply saying, well, she's stuck with what the administrative claim amount was because that was never amended appropriately. Our position was that she couldn't identify newly discovered evidence that was not reasonably discoverable. The focus was not on the fact that she should have amended her claim. A plaintiff is not required to amend her claim. But if she had amended her claim prior to the May denial for a million dollars, we wouldn't be here, would we? Probably not, if she had. She would, of course, need a reasonable and good faith basis, since it is a statement under penalty of perjury when you declare your damages. But there is room for a plaintiff to try to set a damages award that she thinks is appropriate. Can you point us to a place in the appendix, either an oral argument in the district court or a memoranda that you filed where you very specifically said to the district court, the plaintiff can't recover above the cap amount, $75,000, until the plaintiff proves that any amount over and above that is causally connected, approximate cause, being from the new evidence? Our trial brief on this was succinct, but our trial brief made clear, and actually there was no dispute between the plaintiff and the United States on this. You're going to give us a page number. Well, the district court trial brief is not in the appendix, but our trial brief was docket number 45, and the plaintiff's trial brief was docket number 47. When you say succinct, it means you've got a $75,750 cap and you can't go over it. Well, yes. As opposed to the analysis the judge... So we filed ours first. We had been put on notice by a plaintiff from her complaint that she was going to try to recover medical costs associated with surgery. So we filed the brief and said, we thought this surgery was foreseeable. You've had this shoulder condition since the accident, and we don't think you can recover anything over the cap. And the plaintiff said, well, you know, okay, maybe the surgery was foreseeable, but I didn't know my exact diagnosis. And the district court credited that argument. The district court relied on a decision of this court called Spivey and said, okay, well, you know, a new medical diagnosis alone is enough to get you over the cap. But of course... Do we not credit that finding? In the Spivey case? The district court. You're talking about the district court in the Spivey case, not the district court here. No, I'm talking... Sorry, I was talking about the district court here. All right, but do we not credit what the district court here found? Yes, we credit that the district court found that it was not reasonably foreseeable, that it was, in fact, subacromial impingement rather than labral tear, and we do not dispute that. What we do dispute is the legal significance. Okay. So what we dispute is the legal significance. He said it wasn't reasonably foreseeable. Sorry? What was the term again? The plaintiff or the district court? What did the district court say? The district court said that the diagnosis was not reasonably foreseeable. Not reasonably foreseeable. Right. Is that equivalent to newly discovered evidence? Yes. Not reasonably discoverable. Exactly. Which is the language of the statute. Exactly. So the court found that that was satisfied. That's right.  The court found... You're not quarreling with the court's finding there. You're quarreling with the court's finding of the damages as a result of that. That's right. We're quarreling with the legal significance of that finding. We don't dispute that finding. It's proper. But... On that point, counsel, I'm looking at the document 45 here, and it looks like the argument was limited to three sentences. The plaintiff cannot demonstrate any newly discovered evidence or intervening facts that could not have been discovered when she supplemented her administrative claim. She knew she had whatever that thing is. I can't pronounce it. And needed surgery when she submitted her supplement. Nonetheless, she declined to increase her sum certain. Accordingly, she's precluding from recovering any award in excess of $75,750. Now that, to me, doesn't say what you're saying on appeal. Well, this is an alternative ground now. Having lost on the fact-finding, the statute still has to be applied in accordance with its terms, and the statute is quoted on the first page. It's quoted in bold. But you're arguing there, but you're conceding now. Yes, that's right. That's right. District courts are for fact-finding, and we properly... And you were arguing there that she had to amend the claim, which you're saying now she didn't have to amend the claim. No, she didn't have to amend the claim. Well, you're saying that in, I think, just what Judge Agee read. Um, well, you know, to the extent that it's read that way, that would be an error. It's not our position that she had to amend the claim. This dispute is about... It sounds like you're saying in that paper to the district court. Well... Well, the point is you want us to reverse the district court. To vacate the judgment. Okay. And so it appears to me that you're asking us to reverse the district court on the grounds that you never gave the district court. I don't think that's correct at all, Your Honor. I think it's actually... Golden opportunity to tell us why that's the case. Sure. All we're asking is for the statute to be applied in accordance with its plain terms. We alerted the district judge to the statute we were relying on and the language of the statute. Plaintiff did not dispute the language of that statute. What we were fighting about was a factual matter. The government is not required to predict every possible misinterpretation of a statute that a district court might commit and say, you might possibly go off the rails by committing this legal error, but don't do it. You might do this, but don't do it. Once the district court ruled, it became entirely proper for the government to come to this court with its claim of legal error and there was no requirement to further present argument to the district court. There's a requirement to fairly present it to the district court. You can't mousetrap the district judge. They didn't come up here and say they didn't understand it. Are they wrong there? Our argument is that 28 U.S.C., 2675B... If you think I'm wrong on that, you might want to look at Judge Dornan. Well, arguments, of course, have to be fairly presented to the district court. Our argument here is the statute applies and caps damages at $75,750. You want a remitter? Is that what you want? No. We want vacatur of the judgment, remand, entry of judgment in the amount of $75,750 because there is no record support and the district court made no factual findings that would support a conclusion that the plaintiff was any worse off for knowing that it was subacromial impingement. How about a remand to Judge Day? Make appropriate factual findings because he hadn't made them. Well, I don't think that there's evidence in the record that would support any such findings. But if you remanded, then he could find it. If it's there, it's there. If it's not there, it's not there. If the court were inclined to go that route, then that would be appropriate. What's most concerning to the government here and which comes up rarely but from time to time is this legal error where a court thinks that all that is necessary is something new we didn't know before. It seems like that that's what you would have told the district court that this is what needed to be done. The plaintiff has the burden of proof. Here are the elements the plaintiff has to prove in order to recover under this statute because it sounds like to me if you got the remand, you would be getting a second bite at the apple because we would be remanding to ask the district court to do what you didn't ask them to do the first time. That's not right, Your Honor. What we asked the district court to do was to enter judgment in the amount of, well, I guess at that point we actually didn't know that we were liable because there were some issues of whether it was this car accident. You said you were not. Sorry? You all were claiming you didn't know or anything. That's right. That's right. So you weren't asking him to enter any kind of a judgment. Right, right, right. You were contesting the whole thing. You could have settled this thing, I presume, for $75,000 based on the administrative claim. Yes, that's right. And then you wouldn't have had this problem. That's right. So we said certainly any damages... And then she ended up with this surgery after the fact that you got in more trouble and then you didn't raise the right point. So to clarify, thank you, Your Honor. Our argument was any damages awarded... You were the trial lawyer, weren't you? No. You didn't do it? No. Oh, you didn't. To clarify, our argument in the district court was certainly no damages could be awarded above the amount of $75,000 because there are no facts here that would support such an award. We alerted the district court to the language of the statute. Both of us quoted in boldface. All we're asking is for the language of the statute to be applied. Now, what Your Honor is suggesting, I think, is that we should have said in the alternative you might actually misconstrue the statute in this way. And we just want you to know that we actually think the statute should be read according to its plain terms. And I don't think, you know, with respect, it's important to alert the district court that you think the judgment should be limited to a certain amount and why and to give them the legal tools they need. But at some point, you can't make every possible... The government shouldn't be required to make every possible alternative argument and try to foresee what the district court might do if it rules against you on one of them and then commit a legal error that neither of the two parties had disagreed on in their briefing. That's called lawyering. What's the standard of review? The standard of review on the issue we're presenting to you is de novo because there is legal error here in failing to apply one of the two statutory requirements. The standard of review for... If you fail to raise it, it's plain error. Oh, but we did not fail to raise it, Your Honor. But if you did, it's plain error. What are the special damages? The special damages, I can speak about it in two groups if you would find it helpful. There's the damages that had accrued at the time of the administrative claim, and then there are the damages thereafter. At the time of the administrative claim, the plaintiff had sought $10,000 in medical damages. It later became clear that $4,000 of those were for a root canal that was medically indicated before the accident, so those are gone. There are also a few other medical damages that the district court found could not be awarded because they were not supported by sufficient evidence. So, you know, once you take that out, you have around $5,500 in medical damages at the time of the claim. And what was it at the trial? When you add everything up, the trial, and everything together, it's around $34,000. $5,500 to $3,400. $3,400, that's right. $34,000. Sorry, $34,000, you're right. $34,000. That's right. So they increased sevenfold. Right, right, the medicals did. And I would note that if an award is entered in the amount of $75,750, she would get those medical damages from surgery because the way that the law works is you're allowed to take, you can take your damages from whatever time period you want up to the amount of the claim, but once you get to the amount of the administrative claim, then your burden has to be to get past it to show an increased amount of damages based upon newly discovered evidence. So, what, a four-to-one factor or something with pain and suffering? I'd use a four-to-one factor. You don't challenge that? No, we don't with respect, but we don't think the four-to-one multiplier is enough to catapult you past the claim. You're not allowed to invent pain and suffering that doesn't exist after the time of the administrative claim. Some facts have to be presented and the district court needs to make findings that there actually was a worsening in the pain and suffering. But I would note, we talked about $5,500 as the medical damages at the time of the claim. If you use a factor of four times that, you end up around $30,000. So, we concede that the plaintiff is allowed to get up to $75,000, the amount of the claim, by importing the medical cost of surgery. But she's not allowed to go still further to obtain pain and suffering awards when actually the diagnosis made no difference. There was no pain and suffering for this soldier surgery? No additional pain and suffering. There was no additional pain and suffering. In fact, if anything, the surgery made her better. As the district court found, the diagnostic arthroscopy determined what the source of her problem was. There were repairs made during that surgery. The surgery was a success. She had no complaints thereafter, or no complaints about her rehabilitation, I should say. And it was a good outcome. So, the fact findings that we do have are inconsistent with any finding that she suffered more than might have been expected. I realize I've gone over my time. I would appreciate coming back up for rebuttal with whatever time I have remaining. Very good. Mr. McIntosh? I would first like to address a couple questions the court asked. The court asked the government if they had brought this statutory argument to the court's attention in the trial court. And I'd say no. If you look at the district court's memorandum on this issue, they made... Which memorandum? The court asked for a memorandum about the application of the statute to this case. And the court asked that that memorandum be provided by both parties. Is that his document 45? Yes, that's the document that my opposing counsel related to. If you look at page 4, his argument, they clearly state... That's not in the appendix, is it? That would be in the appendix. No, no, I'm sorry. That's the one that's not in the appendix. Yeah, that is in the record, that is in the court docket. The plaintiff cannot demonstrate any newly discovered evidence or intervening facts that would not have been discovered when she supplemented her administrative claim in December 2008. That is the argument they made. Then also, I think it's telling, if you look at the court's opinion, I have that on my tab H, it's the first page. The court was very thorough here, and the court at the beginning says, a trial defendant in the United States of America asked the court to find plaintiff Natalia Lopatina's damages limited by law to the damages that she sought in her administrative claim. And so there's nothing in there about the statutory issue. As I said in my brief, they had an opportunity in opening, it was not raised. They had an opportunity when the court rendered its oral verdict, it was not raised. They had an opportunity in post-judgment motions, which they did file, and it was not raised. So that issue is moot. So how would we review it here then? They raised it the first time on appeal. Well, it's clearly erroneous, Your Honor, because they have conceded that the trial court made correct factual findings, so it's clearly erroneous. There is no statutory issue. In reviewing all of these cases, I have found that the government just makes an automatic mechanical approach to interpret it. Is it a semantic question, or is it that we review for plain error, or is it clearly erroneous? Clearly erroneous, and I'm going to talk about... I think it's plain error. Your Honor, I would say clearly... That's my reaction. I think I'd be better for you to say it's plain error, because they didn't preserve something. I mean, the government comes in here all the time, but particularly in criminal cases, and people don't raise stuff at the trial, and they try to raise it on appeal, and the government says, that's plain error. Well, it's plain error. It's plain error. We go along with it about all the time here. If they don't raise that here, they're coming up here even in a civil case. It's plain error review, and they've got a lot of hoops to jump through to succeed on it. Well, Your Honor, you could look at it as maybe a possibility of plain error, but when you look at all of the tests that go with that, Your Honor, really it's not. I mean, really it's just an issue that was not raised. When you look at the Muth case and the other cases, a court does have discretion to evaluate that, but you've got to show that it's a miscarriage of justice. It's, as you say, plain error. Well, that's the kind of thing that plain error is. I mean, the theory is you've got to give the district court or the trial court a fair shot at the trial court level. You can't come up to the appellate court and say, well, the trial court didn't do it right without asking the court to do it the way you say is right. Right. Well, that's correct, Your Honor. That's correct. But I would just kind of add, if you look at the court's decision, the case is that if we get away from the waiver argument for a second, but it interplays with this, and we look at the court's decisions, Mosley, in this circuit, said that a court is given some leeway in reaching its verdict. There's no mathematical formula, which the government wants. If you look at Spivey and particularly Murphy, Murphy said that the damage is there related to the injuries. And if you look at this court's opinion, which is part of the record, at the end it said thus the diagnosis, treatments of her newly diagnosed conditions and damages related to those diagnoses are newly discovered evidence. So the court did that. The court did comply with the Fourth Circuit standard in doing that. So I don't Where in the record is a factual support that she suffered more damages because of the ultimate diagnosis of a rotator cuff as opposed to a labrum? That is an interesting point, Your Honor. That's why I asked. No, no, no. Here's my response. Here's my response when I talked about the mechanical automatic response. I was surprised at trial that counsel did not ask for an independent medical examination. A lawyer can't make that argument about what she suffered or what was worse or what was better. They're not medically trained. No doctor was there. And what did the government in its mechanical automatic response? They argued medical terminology, that it could not have been different. And that's the same thing appellate counsel is doing. The trial court listened to the plaintiff talk about her pain, her situation, how things happened. The trial court looked at the medical record and the trial court heard the testimony of her medical expert. And the government concedes that the trial court's findings were correct. Therefore, when you look at all of that, Your Honor, I see no basis. Aside from my waiver argument, I see no basis for their argument on the facts of this case. Well, just for purposes of argument, let's assume that the government had told the district court, under the terms of the statute, the plaintiff has to prove that there was newly discoverable evidence, which I think the government has conceded that there was, and the district court properly found that. But they also have to prove a second element. And the second element is that that newly discovered evidence was the proximate cause of whatever damages exceed the administrative claim amount, $75,000. I'm not finding that in the record where that was argued by you, found by the district court. So can you help us out? If that's a correct reading of the statute, where did the plaintiff prove the newly discovered evidence caused the damages over the $75,000? Well, I'm going to do that two ways. Three ways. Number one, again, the government is saying based upon in Murphy, and in this case the court said related to. That's a distinction without a difference. The courts there are relating the damages to the newly discovered evidence. My brief, end of my brief, we inferred from the numbers that we found that the opinion and the award was based upon newly discovered evidence. I have here. That's kind of the point. It seems like to me, maybe I'm wrong in reading the statute, that it has to be quantified. There has to be a finding by the district court judge that X amount over and above the claim was approximately caused by this newly discovered evidence. That appears to me to be what the statute says. If I may, I prepared a little exhibit and it follows my brief. Give me a second. I think I have one more. What are you giving us here? Okay. Just tell us what you got. Is it in the record?  We have your brief. I state what the numbers were and what they were based upon. To try to answer this question. What page of your brief is that? That would be, let me get it. You mean brief to us or brief below? No, brief you. Brief you. Give me a second, Your Honor. I'll give you the page. So we got an addendum to the brief, which has the statute. No, no, Your Honor. I've got it. Brief or appellate? On page 34. 34, okay. I talk about the fact that the court found and it articulated, you know, if you've got the oral opinion, $35,164 in medical damages, and it put a multiplier there and it added the property damages of 3,112. We, in going through the itemized list and the medical bills, we found a total of, I think, $12,221 at the time her claim was denied. And then we extrapolated from that the remainder. So I'm saying that if you're asking me where is there a showing that the medical cost of newly discovered medical injuries were, and that when the court made the award, that that award was based upon that newly discovered areas, I think that's what you're asking me. Where is that? Here's how the court articulated its verdict. The medical bills were $35,164. So if you multiply four times the 12, you get 48,86.80. If you multiply, and that leaves you with about 22,942.35 of post-claim bills, you multiply four times that, that gives you 91,769.40. Then you add the $312 in property damages and you come up with the exact verdict that the court came out with, $176,132. And the court was rather precise, because even when you look at it granting the motion for consideration, it went through the same mathematical formula. That is the best response that I can give you as to how do you see, how do you determine that the post-claim amount, the newly discovered evidence was based upon, the damages for it were based upon the statute. Well, certainly that explains the difference in the medical cost, but you still haven't let us know what in the record supports the claim that she suffered additional pain and suffering because she had a labrum, didn't have a labrum and had a rotator cuff. And I assume that there's probably nothing in there to back that up, is there? I think a reasonable, well, if you look at Dr. Schaefer's testimony. Well, Dr. Schaefer never said that because she had a rotator cuff as opposed to a labrum, she suffered more pain and suffering, did he? Well, I did ask him, and it's in the deposition, I mean, how do you do this surgical procedure? I put holes. Well, they were going to her shoulder either way. They're either going to fix the labrum, but they found she had a pristine labrum from what they said, that she had a bad rotator cuff, and so there's a different surgery. I mean, it's going to be surgery one way or the other, right? Well, that's true, Your Honor, but then we get back to the issue of if the government can sustain that argument, they have to have medical testimony to do it.  to prove additional pain and suffering. It's not their burden to disprove it, is it? You are correct, Your Honor. We proved to the district court's satisfaction, through the testimony of the plaintiff, through Dr. Schaefer's testimony, that she did have additional pain and suffering, Your Honor. Additional medical, but there's really nothing in Dr. Schaefer's records that said anything about her additional pain and suffering, is there? Well, Your Honor, I would think... I mean, it's an argument, maybe, but I don't... I hear exactly what you're saying, but one can reasonably infer from the fact that you have to go through a surgery. You have to go through... The surgery was July 1, 2009. She was going through a physical therapy. I've broken... She was going through surgery either way, right? No, no. The only way... I mean, they went in because she was still having shoulder problems, and they discovered the source of the shoulder problems was different. They thought it was in October, right? That is... Well... She was told in 2007, that's her first range of medical treatment, that your problems will resolve within a year. She waited about a year, and they did not resolve. Then her treating doctor, the first doctor, through an MRI, found supraspinatus tendinosis. Then he referred her to Dr. Schaefer. Dr. Schaefer said that he really didn't know what she had. If you look at that October 16, 2008 note, but he felt that she needed evaluative orthopedic surgery to determine what she had. Which is what she got in July. Right, and that is correct. So she was going to undergo that surgery no matter what, right? She was going to undergo that type of... But it's important to note, nobody knew what she had prior to the surgery. So then we get to the surgery, and if you're asking me the pain and suffering, she went through the surgery, and then she had to go through two courses of physical therapy after that. And moving into 2010, then he sees that now she's got a cervical problem  That's pain and suffering, Your Honor. It's not from his lips, maybe the best... One thing I think you have to understand. One thing I just want to explain. Doctors are difficult to deal with because they... Judicial notice of that. Yeah. They want to move patients. And orthopedic surgeons, they are the worst. I talked... Judicial notice of that, too. Yeah, I talked... I tried to talk to Dr. Schaefer from October the 16th, 2008, until his deposition way after Suk was filed. I emailed, he never would respond to me. I asked about permanency right after, and a staff member told me no. I only got to talk to Dr. Schaefer like about 10 minutes before the deposition. I'm only saying... I mean, that's not an excuse for him specifically articulating pain and suffering, but I'm just giving you the background of that. I think that the additional pain and suffering is clear on its face. I mean, you have one set of damages up to denial, and then you have after that a course of medical therapy and three different diagnoses, one involving the neck thereafter. That's clearly indicative of pain and suffering. And if the government wanted to impeach that, then they should have gone to medical school or examined her below. They waived that right to make that argument. How do we evaluate what the judge did here, what he said? I... I mean, is it we look at it for clear error, or do we look at it in the light most favorable to the plaintiff, as like a verdict, like a jury verdict, because it was a trial of the court? I think that the... As I read the cases, I'm trying to answer your question. I think it's the clearly erroneous standard. I think that the government concedes and is correct. The trial court made the appropriate statutory findings that this was newly... new evidence of medical injury that could not have been reasonably discovered before. And so if the court is evaluating this, the court just has to make a determination, as you can see in Spivey, Murphy, and Creech, as to whether or not the court erred in the findings it made. And I would want to put Mosley on top of that, and I'm just trying to speak to this question, is that the trial courts are given some latitude in arriving at the verdicts. And I went through the medical explanation, or chart explanation, for the purposes of just indicating to the court that in addition to the relate to language, which is the same as based upon that the court used following Murphy, that there is a clear way to see that the additional medical damages that she was awarded were based upon the newly discovered evidence. Thank you, sir. Okay. Appreciate it. Thank you, Your Honor. Mr. Sandberg? Thank you. The United States did not waive any argument in this case. Sure, the United States could have said more in its brief initially, but you can always say more. Actually, looking at your pretrial order, which was signed by both your office and the plaintiff, there's not a word in there about the cast. That's true. The district judge was alerted to that at opening argument. The district court said, let's rule on it. I went briefing on it, and a brief was put in and prepared and filed that night. But we gave the district judge all of the tools that the judge needed to rule on this issue. That rule you gave was document 45? Yes. And the plaintiff filed document 47. I think we all have to agree that if the parties agree on what the law says and the district judge thinks that the statute means something different or is unconstitutional and commits legal error, that error can be corrected by this court, and it's not subject to plain error review just because the government didn't have it. Well, if it's not raised, it's subject to plain error review. If it's not preserved below, it's only subject to plain error review. An error has to be an error. It has to be plain. It has to affect the substantial rights of the other side, and there has to be some reason for us to correct it that's going to reflect on the integrity of the judicial proceedings and things. That's the standard for plain error review. The government comes up here and argues it all the time, mostly in criminal cases. Right. And I wouldn't be here if we thought that we had waived this argument because we didn't. But it only comes into play if you waived it. And to not waive it, you have to show that you gave the judge a fair shot at it. Right. So as Judge Agee was looking at the statute before and asking my adversary, you know, doesn't the statute mean what it says? And to be honest, we didn't see this coming because we think the statute means what it says, and it doesn't require very much elaboration. What we have here is a verdict, right? Ultimately, yes. That's what we have is a verdict. And you look at a verdict, at least when a jury returns it, the light most favorable to the prevailing party. Sure. But we don't dispute any of the factual findings, so that makes that very easy. You do dispute the factual findings. You do dispute that she had increased pain and suffering as a result of the ultimately proper diagnosis, right? Well, that's true. That's the factual finding. That's wrapped into the verdict. That's my point. That's the reason I asked that question of you. It's wrapped into the verdict. If a jury verdict came in here and gave this lady a quarter of a million dollars, you couldn't come up here with a decent argument about they gave too much for pain and suffering when she only had $35,000 in specials. The jury resolves those things. Right. Let's recall the language of the statute here. But the government here, under the Store Claims Act, it's a trial to the court. And you had a trial to the court, and the court rendered a verdict. And he explained it in multiple papers, but ultimately you come down to a verdict. Right. And how do we look at it? Do we look at it because it's a trial to the court? Is it subject to some other kind of review, like clear error or something, or de novo, rather than looking at everything in the light most favorable to the prevailing part? Sure. Let me try to clear up some confusion here. If the plaintiff had presented an administrative claim in the amount of $200,000 and the district judge had entered judgment in the amount it ultimately entered judgment in, $170,000 or so, you're right. And we would not be here. We would not have an argument. It's the administrative claim and the statutory requirement of Section 2675 that is the reason we're here. And it says if you want to recover damages over the amount of the claim, you have to show that there's an increased amount of damages based upon the new evidence. So that's a factual finding as opposed to a legal finding. Everybody agrees with what the statute says. You agree with what the statute says. The plaintiff agrees with the statute. Well, I don't think the district judge. And you presume the judge knows the law, right? Well, we have good evidence here that the district judge does not know the law. But you presume that the judge knows the law, and you presume that the jury would be instructed properly and all that stuff. But if I could just point you to three. And the judge did say there's newly discovered evidence, not reasonably discoverable. If I could point you to three. You agree to that? Yes, but, Your Honor, if I could please point you to three instances in the district court's opinion where it clearly evidenced its misunderstanding. First of all, on the first page it says, you know, I'm ruling she's not limited in this trial to receiving judgment up to the amount sought in her administrative claim. On the final page, the court says, plaintiff is not restricted at trial to seeking only $75,750. The damage is sought in her administrative claim. Again, plaintiff is not limited to recovering only in the amount sought in her administrative claim. The district court thought that once there was some piece of new evidence, here a new diagnosis, that the cap is lifted and whatever award the court wants to find is supported by the facts in the case can be entered. And that is a legal error. And I think Judge Norton's colloquy with my adversary made clear that that's simply a legal error. I think it was telling when Judge Norton asked Mr. McIntosh, you know, and Mr. McIntosh quite rightly couldn't identify any. And also, if you look at page 27 of his brief on appeal, he kind of makes a half-hearted argument, well, there was some pain and suffering, but there's not a district court record citation to be found on that page. In Maryland, can you recover for the pain of going through a rotator cuff surgery that you didn't know you were going to have? Yes, you can recover for that under tort law principles. But we are, of course, operating under the FTCA, which elaborates additional principles on top of that. One of them being you have to show you're worse off. You have to show you're worse off than you were before. You used Maryland damages principles. Right. For this case. Right. Under the Federal Tort Claims Act. As further restricted by the Federal Tort Claims Act. So what we can't rely on here is intuition. None of us are doctors. We can't say it probably hurt more, maybe it hurt more. The plaintiff could have put in reliable evidence for the district court to rely upon that things were worse off. Maybe a subacromial impingement is worse, maybe it's not, who knows. Maybe the cervical strain was worse, who knows. We just don't have that evidence. The plaintiff didn't put it in. About the exhibit that Mr. McIntosh just handed out, I don't think the numbers on that exhibit are correct. We didn't get it. We didn't get it. Oh, okay. That makes it easier. He said it was explained on page 34 of his brief. Sure. But we have page 34 of his brief. Those numbers are also incorrect. I can give you some record sites that contain the information from which you can do the correct math should you want to. First of all, the damages that the plaintiff requested at the time of her administrative claim are on appendix 525. That included root canal. That has to be taken out. It was taken out. The judge took it out. It was. And the place where the judge took it out was 199 to 200 of the appendix. Then there were some further damages taken out on reconsideration at pages 519 to 520. So, you know, as I told your honors before, the medical damages at the time of the claim were like 5,500, and the amount cited in the brief is incorrect. I would point your honors to an example of the analysis that should have happened here and didn't happen. In the Eighth Circuit, Michael's case cited in our brief, the district court had just simply added two paragraphs to the end of its order saying, okay, I found that there's newly discovered evidence. I've calculated the plaintiff's trial damages. Now I'm going to do a quick analysis to see whether the increased damages award is actually based to that evidence. And the court said, yes, in part, but not all the way. That's all we're asking for here. We're not asking for magic words. We're not asking for the district court to say it was based upon. We're just looking for some indication by the district court that it had conducted the proper analysis. Judge Norton, you had suggested that perhaps remanding to the judge here to let the judge take another crack at this would be appropriate. And the government does think that was appropriate. If you think in fairness, the judge should be alerted to its error and given a chance to correct it. But certainly there was legal error in this case. Although the government did not foresee it, it gave the judge all the tools it needed to apply the law correctly. And if there aren't enough for the questions, we ask the judgment be vacated. Thank you. Thank you very much. We'll come down and greet counsel.
judges: Robert B. King, G. Steven Agee, David C. Norton